UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATEL FAMILY TRUST, et al.,

      Plaintiffs,                      Case No. 2:11-cv-1003
                                          JUDGE GREGORY L. FROST
     v.                                 Magistrate Judge Norah McCann King

AMCO INSURANCE COMPANY,

      Defendant.

## OPINION AND ORDER

This matter is before the Court on the Motion of Belfor USA Group, Inc. ("Belfor") to Intervene and to File Answer, Counterclaim, and Cross-Claim *Instanter* (ECF No. 19), Defendant AMCO Insurance Company's Memorandum in Opposition (ECF No. 21), and Belfor's Reply in Support (ECF No. 23). For the reasons set forth below, Belfor's Motion to Intervene is **GRANTED**. The Motion to File Answer, Counterclaim, and Cross-Claim *Instanter* is **DENIED** and Belfor is ordered to file a new pleading within seven days in accordance with the Court's ruling below.

### I. Background

In July 2010, an apparent act of vandalism caused damage at a Holiday Inn Express hotel owned and operated by Plaintiffs Patel Family Trust (the "Trust") and KNT LLC. (Compl., ECF No. 3, at ¶¶ 1, 5-8.) At the time the property damage occurred, the hotel was covered by an insurance policy issued by Defendant AMCO Insurance Company ("AMCO"). (*Id.*, ¶ 3.) Plaintiffs commenced this lawsuit against AMCO in state court, asserting claims for breach of contract, promissory estoppel, and bad faith arising out of AMCO's alleged refusal to compensate

Plaintiffs fully under the insurance policy. (*Id.* at ¶¶ 13-28.) AMCO removed the action to this Court based on federal diversity jurisdiction. (ECF No. 1.)

Belfor moves to intervene in this action. Belfor claims an interest in the insurance proceeds due to its performance of property restoration services at the hotel property. (Mot. to Intervene, ECF No. 19, at 3.) Pursuant to its contract with the Trust, Belfor acquired "right, title, and interest in and to the insurance policy proceeds and all drafts for work performed or to be performed by Belfor." (*Id.*) Belfor alleges that it has completed its work under the contract but has yet to be compensated by the Trust.

Belfor filed a mechanic's lien with the Franklin County (Ohio) Recorder's Office in June 2011. Two months later, Belfor commenced a state court action against the Trust (through its trustee) for foreclosure of the mechanic's lien, breach of contract, unjust enrichment, and relief on account. (ECF No .19, Ex. 1.) At the time Belfor filed its Motion to Intervene in this Court, the state court case had not progressed beyond initial pleadings and initial discovery and disclosure of witnesses. (ECF No. 19, at 4.) Belfor's counsel received notice of the case pending before this Court on January 3, 2012 (Harley Decl., ECF No. 19-2, ¶ 6) and filed Belfor's Motion to Intervene eight weeks later.

## II. Discussion

Belfor seeks to intervene in this action as of right under Fed. R. Civ. P. 24(a)(2), which states that a court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To intervene of right under this rule,

Belfor must show that (1) it timely sought intervention, (2) it has a substantial legal interest in the case, (3) its ability to protect its interests will be impaired without intervention, and (4) the existing parties do not adequately represent its interests. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). Failure to satisfy any one of the elements will defeat intervention under the Rule. *Id.*

### A. Timeliness of the Intervenor's Application

As to the first requirement, the Court considers five factors in determining whether a proposed intervenor has timely applied to intervene:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* at 284 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Id.* (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000)). Applying these factors, the Court finds Belfor's Motion to Intervene timely in this case.

As to the first factor, the case before this Court is still in its early stages. The case was not commenced in this Court until November 2011 and there is no indication that the case has progressed beyond initial discovery. The only significant proceeding in the case thus far was the motion to intervene filed by GE Capital Corporation ("GE Capital"), a motion that was later

withdrawn by stipulation of GE Capital Corporation, Plaintiffs, and AMCO. (ECF Nos. 8, 17, and 18).

Second, taking into account Belfor's purpose for intervening (*i.e.*, to obtain declaratory relief as to whether it is entitled to be a payee for any insurance proceeds payable from AMCO to the Trust), there is no indication that Belfor should have filed its motion earlier. *Stupak-Thrall*, 226 F.3d at 479 n.15 ("The 'purposes of intervention' prong of the timeliness element normally examines only whether the lack of an earlier motion to intervene should be excused, given the proposed intervenor's purpose . . . ."). Belfor first learned of this lawsuit on January 3, 2012, and filed its Motion to Intervene eight weeks later. Under the circumstances, the Court does not find an undue delay (and neither Plaintiffs nor AMCO argues that there is).

Third, there is no evidence that the proposed intervenors' failure to file their motions earlier has resulted in prejudice to the current parties. The prejudice inquiry is narrow: the Court looks only to the prejudice attributable to the movant's failure to act more promptly, not to the broader question of whether any prejudice flows from the intervention itself. *See Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 592 (6th Cir. 1982). None of the parties identified any prejudice in this regard and this Court finds none.

Finally, the Court is unaware of the existence of unusual circumstances militating against intervention. Accordingly, under these circumstances, a balancing of the timeliness factors favors Belfor, particularly given the early stage of this case.

### B. Belfor's "Substantial Legal Interest" in the Case

Next, Belfor must establish that it has a "substantial legal interest" in the case. *Blount-Hill* at 283. The Sixth Circuit has interpreted this requirement broadly, with close cases to be

4

resolved in favor of recognizing an interest under Fed. R. Civ. P. 24(a). *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).  Belfor contends that it has a substantial legal interest in the case, namely, potential recovery of insurance proceeds that Plaintiffs seek from AMCO.

AMCO disputes Belfor's interest, claiming that the only remaining issue in its case against the Plaintiffs is the amount of the Trust's alleged loss of Business Income and Extra Expense ("BI/EE") coverage under the terms of the insurance policy in dispute.  (Deft. Opp. to Mot. to Intervene, ECF No. 21, at 1.)  Because BI/EE coverage is the only matter left at issue between AMCO and the Plaintiffs, AMCO contends that Belfor's legal interest in this case is nonexistent.  Under the terms of the Trust's contract with Belfor, AMCO argues that Belfor is only a payee for insurance proceeds paid for remediation of building damage; it is not a payee for any BI/EE recovery.  (*Id.* at 2.)  Thus, AMCO contends that Belfor has no claim against it for insurance proceeds and that Belfor's real dispute is with the Trust — a dispute for which the proper forum is "clearly the state court mechanic's lien foreclosure action" pending in state court. (*Id.* at 3.)

While AMCO's argument might conceivably carry the day when the Court adjudicates this case on the merits, it does not undercut Belfor's "substantial legal interest" for purposes of intervening as of right.  AMCO's only support for its assertion is a footnote in Magistrate Judge King's preliminary pretrial order that states: "Apparently, losses associated with personal property or property damages have been paid."  (ECF No. 9, at footnote.)  But this statement by Magistrate King is not a conclusive statement about what is at stake in this case.  And the

Plaintiffs' Complaint, on its face, does not purport to limit Plaintiffs' causes of action to recovery of BI/EE insurance proceeds.

For these reasons, the Court finds that Belfor has asserted a substantial legal interest in this case.

### C.  Belfor's Ability to Protect its Interest Absent Intervention

The third showing a potential intervenor must make under Fed. R. Civ. P. 24(a) is that its ability to protect its interests will be impaired without intervention. The movant's burden on this element is "minimal": "a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Miller* at 1247 (emphasis added).

Belfor meets its minimal burden on this element. The Plaintiffs' Complaint in this case alleges an entitlement to insurance proceeds to which Belfor (assuming the truth of Belfor's allegations) has an interest by virtue of its contract with the Trust. Although AMCO contends that only BI/EE coverage is at issue and Belfor is not entitled to be a payee for BI/EE proceeds, this is, once again, a merits issue and not an issue that should bar Belfor's intervention. If AMCO's contention is correct, Belfor will not prevail on the merits. But that is an issue to be resolved down the road and not on a motion to intervene. For now, based on the allegations in the Plaintiffs' Complaint, it is *possible* that Belfor's claim to insurance proceeds will be impaired if this case is litigated without Belfor in it.

### D.  Adequate Representation of Belfor's Interests

The would-be intervenor satisfies the final requirement for intervention of right when it can show that representation of its interests *may* be inadequate. *Blount-Hill*, 636 F.3d at 485. The Court finds that this element is also satisfied in favor of intervention.

As alluded to previously, GE Capital filed a motion to intervene in this case in late December 2011. (ECF No. 8.) GE Capital withdrew the motion after reaching a stipulation with the Plaintiffs and AMCO. (ECF Nos. 17 and 18.) According to the terms of the stipulation, "in the event AMCO makes any additional payment(s) in connection with the Loss, the Claim, or this Litigation (including, but not limited to, any payments of a judgment or a settlement and also including any payments in consideration of actual or alleged coverage under the Policy for business income and extra expense), GE Capital shall be included as a co-payee on any check or draft issued by AMCO for such payments." (Stipulation, ECF No. 17, at ¶ 2.) In light of the Stipulation, it would appear that the Trust's interest is directly contrary to Belfor's interest. Because of its agreement to include GE Capital as a payee, it would appear that the Trust has every incentive not to recover proceeds to which Belfor would be entitled as an additional payee.

Of course, the merits of the case may ultimately show what AMCO is arguing now — that only BI/EE coverage is at issue. But that possibility is not a reason that Belfor should be excluded from the case at this point.

    **E.**    **Belfor is Not an Intervening "Defendant"**

In addition to moving to intervene, Belfor also asks the Court to allow it to file a counterclaim and cross-claim *instanter*.[1] The Court denies this branch of Belfor's Motion, however, because the Court does not view this as a correct pleading. Belfor is more properly characterized as a *plaintiff* in this case, not a *defendant*.

---

[1] Belfor styles its Motion as one "to Intervene and to File Answer, Counterclaim, and Cross-Claim *Instanter*." (ECF No. 19, at 1.) The proposed pleading attached to Belfor's Motion pursuant to Fed. R. Civ. P. 24(c), however, does not include an "Answer"; it includes only a Counterclaim and Cross-Claim.

The proposed "Counterclaim and Cross-Claim" alleges one count for a declaratory judgment, seeking this Court's declaration of Belfor's rights relating to the question of whether the damage to the hotel property is covered under the policy and whether AMCO is obligated to pay insurance proceeds directly to Belfor, per the terms of Belfor's contract with the Trust. (Mot. to Intervene, ECF No. 19, Ex. A, at ¶¶ 24-25.) Accordingly, Belfor is intervening in this case to assert its own affirmative claim for declaratory relief as against AMCO and the Trust. A party that voluntarily chooses to intervene in ongoing federal litigation to assert its own affirmative claims is to be aligned as a party plaintiff. *MCI Telecommunications Corp. v. Logan Group Inc.*, 848 F.Supp. 86 (N.D. Tex. 1994). An intervenor is properly aligned as a defendant only if it has potential liability to the plaintiff on the *primary claim*. *Id.* at 88-89; *see also Siteworks Contracting Corp. v. Western Sur. Co.*, 461 F. Supp. 2d 205, 209-10 (S.D.N.Y. 2006). That is not the case here. Accordingly, the Court aligns Belfor as an intervening *plaintiff* in this action. More specifically, Belfor is both a "plaintiff" and "cross-plaintiff," insofar as it intends to assert claims against both Defendant AMCO and Plaintiff Trust. *See City and County of San Francisco v. Exxonmobil Oil Corp.*, No. C 08-03490, 2009 U.S. Dist. LEXIS 37620, at *11-12 (N.D. Calif. May 4, 2009) (aligning intervenor as a "plaintiff and cross-plaintiff" due to intervenor's intent to assert claims against both the defendant and the plaintiffs).

When aligned as such, Belfor's proposed pleading, as currently styled, is not accurate. Accordingly, this Court orders Belfor to file a new pleading in accordance with this Opinion and Order within seven days.

## III. Conclusion

For the foregoing reasons, Belfor's Motion to Intervene and to File Answer, Counterclaim, and Cross Claim *Instanter* (ECF No. 19) is **GRANTED IN PART AND DENIED IN PART.** This Court **GRANTS** the Motion to Intervene and aligns Belfor as an intervening Plaintiff in this action. The Court **DENIES** the Motion to File Answer, Counterclaim, and Cross-Claim *Instanter* and hereby **ORDERS BELFOR TO FILE WITHIN SEVEN DAYS** of the date this Opinion and Order is filed an intervening complaint that comports with the Court's ruling above.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**