UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATEL FAMILY TRUST, et al.,**

        **Plaintiffs,**                        Case No. 2:11-cv-1003
                                                JUDGE GREGORY L. FROST
    **v.**                                              Magistrate Judge Norah McCann King

**AMCO INSURANCE COMPANY,**

        **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on the "Joint Motion for Bifurcation" filed by Plaintiff Patel Family Trust ("Patel") and Defendant AMCO Insurance Company ("AMCO"). (ECF No. 29.) The Motion asks this Court to enter an order bifurcating the insurance breach-of-contract claims from the bad faith and punitive damages claims in this action. Intervening Plaintiff Belfor USA Group, Inc. is not a party to the Joint Motion.

It should go without saying that this action is pending in the United States District Court for the Southern District of Ohio. Yet, the Joint Motion does not cite to Fed. R. Civ. P. 42(b), which provides for bifurcated trials for reasons of "convenience, to avoid prejudice, or to expedite and economize." Rather, the Joint Motion asks for bifurcation based on a slew of Ohio appellate cases standing for the proposition that bifurcation of the breach-of-contract and bad faith aspects of the case are proper and "routine." (Joint Mot. 3-4, ECF No. 29.) The Joint Motion also invokes Ohio Rev. Code § 2315.21(B), which provides for mandatory bifurcation of the punitive damages portion of the case from the compensatory damages portion. In essence, the parties to the Joint Motion ask this Court to bifurcate the proceedings in this case into separate breach-of-contract and bad faith/punitive damages phases based on Ohio law.

Ohio law does not, however, govern the question of whether bifurcation of proceedings is proper in a given case.  As the undersigned judge ruled two years ago when addressing the supposed duty to bifurcate under Ohio Rev. Code § 2315.21(B), the question of whether bifurcation is appropriate is governed by *federal* law under the teachings of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) and its progeny (particularly *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965)).  *See Wolkosky v. 21st Century Centennial Ins. Co.,* No. 2:10-cv-439, 2010 U.S. Dist. LEXIS 79643, at *3-*8 (S.D. Ohio July 14, 2012).  Bifurcation is a procedural matter addressed by Fed. R. Civ. P. 42(b) and, thus, Rule 42(b) is the controlling authority for assessing whether a federal court will grant a motion to bifurcate.  *See id.* at *7; *accord Valley Ford Truck, Inc. v. Phoenix Ins. Co.*, No. 1:10-cv-2170, 2011 U.S. Dist. LEXIS 29210, at *2-*3 (N.D. Ohio Mar. 7, 2011) (rejecting Ohio Rev. Code § 2315.21(B) as "entirely irrelevant" to the issue of bifurcation because bifurcation is a procedural matter governed by federal law).

The Ohio Supreme Court's recent decision in *Havel v. Villa St. Joseph*, 131 Ohio St. 3d 235, 963 N.E.2d 1270, 2012-Ohio-552, does not change this Court's opinion regarding the procedural nature of bifurcation.  In *Havel*, the Ohio Supreme Court upheld Ohio Rev. Code § 2315.21(B) against an argument that the statute violated the Ohio Constitution by usurping the judiciary's power to make rules controlling the procedure in Ohio's courts.  *See id.* at ¶¶ 1-2. Specifically, the issue raised was whether Ohio Rev. Code § 2315.21(B) improperly conflicted with Ohio Civil Rule 42(B), which, like Fed. R. Civ. P. 42(b), provides for bifurcation of proceedings in the trial court.  *Id.*  The Ohio Supreme Court held that Ohio Rev. Code §

2315.21(B) was "substantive" under Ohio law because it provided a party with a mandatory right to bifurcate punitive damages proceedings from the remainder of the case. *Id.* at ¶¶ 26, 35-36.

Just because the Ohio Supreme Court has interpreted Ohio Rev. Code § 2315.21(B) to provide a "substantive" right to bifurcation does not mean that a federal court is bound by the characterization. A state's characterization of its own rule as "substantive" instead of "procedural" must "yield to the strong presumptive validity of the properly promulgated federal procedural rule, which will be upheld as controlling the procedure in the federal court." *Rosales v. Honda Motor Co.*, 726 F.2d 259, 262. Accordingly, numerous federal courts have found that Fed. R. Civ. P. 42(b) controls the issue of bifurcation in federal diversity cases despite the existence of a state law or rule purporting to substantively govern bifurcation. *See, e.g., id.* at 261-62 (concluding under *Hanna* that Fed. R. Civ. P. 42(b) controlled over a Texas substantive law prohibiting bifurcation); *Moss v. Associated Transport, Inc.*, 344 F.2d 25-27 (6th Cir. 1965) (holding that Rule 42(b) preempts Tennessee law guaranteeing right to try all facts at the same time before one jury); see also *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 14-15 (2d Cir. 1988) (finding that district court did not have to bifurcate liability and punitive damage issues despite state law requiring bifurcation), *cert. denied*, 490 U.S. 1006 (1989); *Sellers v. Baisier*, 792 F.2d 690, 694 (7th Cir. 1986) (holding that Fed. R. Civ. P. 42 may be applied in diversity cases to bifurcate issues of liability and damages despite a state law prohibiting bifurcated trials). This Court will therefore rule upon the Joint Motion utilizing Fed. R. Civ. P. 42(b) as the relevant authority underlying the analysis.

A decision to bifurcate an action under Fed. R. Civ. P. 42(b) should be grounded in the facts and circumstances of each case. See *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 556 (6th Cir.

1996). The ultimate decision to grant or deny bifurcation is left to the sound discretion of the trial court. *Id.* In determining whether separate trials are appropriate, the court should consider several facts, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 329 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Bifurcation is, however, considered an exception to the general rule that favors resolving federal-court disputes in a single proceeding. *Wolkosky* at *8.

Presumably because Patel and AMCO rely solely on Ohio law and the fact of their agreement as the bases for bifurcation, their Joint Motion does not speak to any of the above Fed. R. Civ. P. 42(b) factors specifically. Accordingly, the Court has before it no facts that would support a decision to grant bifurcation. While the Court is cognizant of the fact that the Joint Motion is agreed upon (at least as to Patel and AMCO) and that the parties have contemplated (and perhaps assumed) there would be bifurcation of the breach-of-contract and bad faith issues in this case, the Court is hesitant to bifurcate the proceedings without facts demonstrating the propriety of bifurcation. The Court requires such facts before it will disturb the general rule that disputes in federal court should be resolved in a single proceeding.

The Joint Motion to Bifurcate (ECF No. 29) is **DENIED.**

    **IT IS SO ORDERED**.

                                          **/s/ Gregory L. Frost**
                                          **GREGORY L. FROST**
                                          **UNITED STATES DISTRICT JUDGE**